FILED
12/31/2015 12:13:31 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Olivia Cruz

CAUSE NO. 2015CI19491

| | | |
|---|---|---|
| XENEX DISINFECTION SERVICES, INC. | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § § | 166th JUDICIAL DISTRICT |
| JEFFREY DEAL, | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S SPECIAL APPEARANCE AND ORIGINAL ANSWER, SUBJECT TO SPECIAL APPEARANCE, REQUEST FOR DISCLOSURE AND JURY DEMAND

TO THE HONORABLE DISTRICT COURT JUDGE:

COMES NOW DR. JEFFERY DEAL (hereinafter "**Deal**"), Defendant herein, erroneously sued as JEFFREY DEAL, and files this Special Appearance and Original Answer subject to Special Appearance in response to Plaintiff's First Amended Petition, and respectfully shows the Court the following:

### I.   SPECIAL APPEARANCE

1.     This Special Appearance is filed prior to any other plea, pleading, or motion on behalf of Deal.

2.     Deal makes this Special Appearance to object to the entire proceeding and all claims made against him by Plaintiff.

3.     Plaintiff fails to show any proof or provide the court with any evidence that it has personal jurisdiction over the out of state Defendant, Jeffery Deal.

4.     Defendant is not a resident of the State of Texas and has had no purposeful contacts with this state.  Defendant is an individual and does not reside in Texas.  Defendant has continuously been a citizen and resident of South Carolina for more than 25 years.

5.     Defendant attaches an affidavit to this special appearance as Exhibit "A" to establish facts not apparent from the record and incorporates them by reference.

Defendant's Special Appearance and Original Answer
subject to Special Appearance
Case Number: 2015CI19491          Document Type: DEFENDANT'S SPECIAL APPEARANCE AND ORIGINAL ANSWER, SU          Page 1 of 21

6.    Texas courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with Texas and the court's exercise of jurisdiction over defendant comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985); *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

7.    Texas courts must determine whether the nonresident defendant has purposefully established minimum contacts with Texas. *Moki Mac*, 221 S.W.3d at 575-76; *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996); *Guardian Royal*, 815 S.W.2d at 226.

8.    To prove he had no minimum contacts with Texas, Deal must show that:

    1)    He did not purposefully avail himself of the privilege of conducting activities within Texas; and,

    2)    Any contacts he may have had with Texas do not give rise to specific or general jurisdiction.

*See Moki Mac*, 221 S.W.3d at 575-76; *Commonwealth Gen. Corp. v. York*, 177 S.W.3d 923, 925 (Tex. 2005); *BMC Software*, 83 S.W.3d at 795–96.

9.    To establish purposeful availment, the defendant's acts must be purposeful rather than random, isolated, or fortuitous, and the defendant must have sought some benefit, advantage, or profit in availing itself of Texas jurisdiction. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338-39 (Tex. 2009); *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 596 (Tex. 2007); *Moki Mac*, 221 S.W.3d at 575; *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005).

10.     Specifically, Deal did not purposefully avail himself of the privilege of conducting activities within Texas because he posted on an internet discussion board found on the website for the Association for Professionals in Infection Control and Epidemiology ("APIC"), which may be read by individuals in the State of Texas via the World Wide Web. *See* Exhibit A.

11.     Plaintiff fails to show any proof that Texas residents ever read the post or that it suffered damages from these individuals reading Defendant's post.  Additionally, within a few days of posting, the moderator removed the entire discussion chain from the APIC website.

12.     Passive or informational internet activities do not constitute purposeful availment sufficient to establish personal jurisdiction.  *GJP Inc. v. Gosh*, 251 S.W. 3d 854 (Tex. App.—Austin 2008, no pet.), *see Waterman S.S. Corp. v. Ruiz*, 355 S.W.3d 387, 411 (Tex. App.—Houston [1st Dist.] 2011, pet. denied)("On the other end of the scale are 'passive' or 'informational' websites that are used only for purposes such as advertising, and 'are not sufficient to establish minimum contacts even though they are accessible to residents of a particular state.'"); *All Star Enterprise, Inc. v. Buchanan*, 298 S.W.3d 404, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.)("There is no evidence that Texas residents are targeted for recruitment; to the contrary the site is accessible to "[a]nybody in the world." Although visitors can post comments about Frontier and subscribe to its "feed," there is no evidence that it makes sales or contracts through the site, and no evidence that Frontier can even respond to applications, comments, or queries through the website.  We therefore conclude that the website is too "passive" to establish systematic and continuous contacts sufficient to support general jurisdiction."); *Jackson v. Hoffman*, 312 S.W.3d 146 (Tex. App.—Houston [14th Dist.] 2010, no pet.)("The presence of a contact form, email address, and phone number are insufficient to move

the website beyond passive."); *Exito Elecs., Co., Ltd. v. Trejo*, 166 S.W.3d 839 (Tex. App.—Corpus Christi 2005, no pet.)("We conclude that Exito-Taiwan's website is "passive" advertising via the internet and is not a purposeful activity directed towards residents of this state."); *Townsend v. Univ. Hosp.-Univ. of Colorado*, 83 S.W.3d 913 (Tex. App.—Texarkana 2002, pet. denied)("Having contact information and product information alone on the Internet it not sufficient to grant jurisdiction in Texas.").

13.     General jurisdiction cannot be exercised over a nonresident defendant unless there are continuous and systematic contacts between the nonresident defendant and the State of Texas. *Guardian Royal*, 815 S.W.2d at 230; *Siskind v. Villa Found. For Educ., Inc.*, 642 S.W.2d 434, 438 (Tex. 1982); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Texas courts do not have general jurisdiction over Defendant because Defendant has not had continuous or systematic contacts with Texas. Defendant is not a resident of the state and has not taken any action that would put Defendant on notice that Defendant is subject to the call of a Texas court. Defendant's one-time post on an internet discussion board found on the website for the Association for Professionals in Infection Control and Epidemiology does not qualify as continuous and systematic; additionally, the website discussion board is not aimed at Texas residents, nor was the discussion board on the Plaintiff's product website.

14.     This Court's assumption of jurisdiction over Defendant and his property will offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional requirements of due process; therefore, the Court should decline to exercise jurisdiction over Defendant. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Moki Mac*, 221 S.W.3d at 575; *Guardian Royal*, 815 S.W.2d at 231; *Schlobohm v. Schapiro*, 784 S.W.2d 355, 359 (Tex. 1990). The exercise of jurisdiction by the Texas court over

the Defendant would be unfair, considering the burden on the Defendant since he is not a resident of the state and lives in South Carolina. *Guardian Royal*, 815 S.W.2d

15.     This court does not have personal jurisdiction over Defendant Jeffrey Dennis because 1) he does not live in Texas, nor has he ever lived in Texas; 2) he is not employed by any company domiciled or organized in Texas or which maintains a place of business in Texas, nor is he an officer, director, member, partner, agent or contractor of any company domiciled or organized in Texas, or which maintains a place of business in Texas; 3) he does not have continuous or systematic business contacts with the State of Texas; 4)Plaintiff's pleadings are insufficient to establish personal jurisdiction; and 5) Plaintiff has provided no proof that anyone within the State of Texas read the Defendant's internet post.

## II.     ORIGINAL ANSWER SUBJECT TO SPECIAL APPEARANCE

### A.     GENERAL DENIAL

16.     As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant asserts a general denial and requests the Court require Plaintiff to prove the charges and allegations against Defendant by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### B.     SPECIAL EXCEPTIONS

17.     Plaintiff fails to prove that Defendant made the alleged false statement with knowledge of or reckless disregard for its falsity.  Defendant requests Plaintiff be ordered to re-plead within 30 days in conformity with the Court's ruling on this special exception.

## C.   SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

18.   Pleading further, Defendant Deal specifically denies he man[...]
devices used to disinfect hospital rooms.  He has never manufactured any pr[...]
such product in any state.

19.   Pleading further, Defendant specifically denies he published [...] [...]
statements in a national online forum regarding Xenex's product.  All comments made in this
forum were referenced and/or quoted directly from peer-reviewed, published studies from
reputable academic institutions.

20.   Pleading further, Defendant specifically denies the cited abstract was from a paper
which was never published or peer reviewed.  The abstract was published and may be found at
*http://bji.sagepub.com/content/15/1_suppl/S3.full*.  Additionally, the Forward of the publication
states that each abstract undergoes a blinded peer review process.  Only those abstracts with a
high score are accepted for publication.

21.   Pleading further, Defendant specifically denies that he misrepresented the
"Donskey study."

22.   Pleading further, Defendant did not intentionally publish the alleged defamatory
statements in a forum to be read by customers in the State of Texas intending to cause harm to
Plaintiff in Texas.

23.   Plaintiff has failed to mitigate its damages, if any.

24.   Plaintiff's claim for defamation/libel against Defendant Jeffery Deal is based on
Defendant Deal's protected right of free speech.  The right of free speech is associated with any
communication made in connection with a matter of public concern.  *Better Bus. Bur. V. John
Moore Servs.*, 441 S.W.3d 345, 353-54 (Tex. App.—-Houston [1st Dist.] 2012, pet. denied).  A

Defendant's Special Appearance and Original Answer
Subject to Special Appearance

matter of public concern is defined in the Civil Practice and Remedies Code § 27.001(7), as an issue related to (1) health or safety, (2) environmental, economic, or community well-being, (3) the government, (4) a public official or figure, or (5) a good, product, or service in the marketplace.

25.     Defendant Deal's comment on the Association for Professionals in Infection Control and Epidemiology's discussion board concern a product Plaintiff produces which affects the health and safety of hospital patients and the public.  Defendant's comments are protected under his right of free speech.

### D.     REQUEST FOR DISCLOSURE

26.     Under Texas Rule of Civil Procedure 194, Defendant requests Plaintiff disclose, within thirty (30) days of service of this Request, the information or material described in Rule 194.2.

### E.     JURY DEMAND

27.     Defendant hereby demands a trial by jury and tenders the jury fee.

### <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant JEFFERY DEAL prays that Plaintiff take nothing by this suit and that Defendant recover his costs and such other and further relief to which Defendant may show himself justly entitled.

RESPECTFULLY SUBMITTED,

BEIRNE, MAYNARD & PARSONS, L.L.P.

By:/s/Laurence S. Kurth
    **Laurence S. Kurth**
    State Bar No. 11768450
    lkurth@bmpllp.com – E-mail
    The Weston Centre
    112 East Pecan Street, Suite 2750
    San Antonio, Texas 78205
    (210) 582-0220 - Telephone
    (210) 582-0231 - Facsimile

    OF COUNSEL
    Mr. Bill Killough
    Barnwell Whaley Patterson & Helms, LLC
    288 Meeting Street, Suite 200
    Charleston, SC 29402

    **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was sent to the following attorneys of record by e-filing and certified mail, return receipt requested on this 31st day of December, 2015.

    J. Bruce Scrafford
    bscrafford@abaustin.com
    Andrew F. York
    ayork@abaustin.com
    Armbrust & Brown, L.L.P.
    100 Congress Avenue, Suite 1300
    Austin, TX  78701
    (512) 435-2300 – Telephone
    (512) 435-2360 – Facsimile

                    /s/Laurence S. Kurth
                    Laurence S. Kurth

CAUSE NO. 2015CI19491

| | | |
|---|---|---|
| XENEX DISINFECTION SERVICES, INC. | § § § | IN THE DISTRICT COURT OF BEXAR COUNTY, TX |
| Plaintiff, | § | |
| v. | § § | 166th JUDICIAL DISTRICT |
| JEFFREY DEAL, | § § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

### AFFIDAVIT OF JEFFERY DEAL

STATE OF SOUTH CAROLINA    §
                                §
COUNTY OF CHARLESTON      §

      BEFORE ME, the undersigned Notary Public, on this day personally appeared Jeffery Deal and after being duly sworn, stated under oath that:

1. My name is Jeffery Deal. I am over the age of eighteen years, have never been convicted of any felony or crime involving moral turpitude, and am fully competent to make this affidavit. I have personal knowledge of the matters set forth below, which are true and correct.

2. I have read the above Defendant's Special Appearance and Original Answer subject to Special Appearance, and the statements contained in Defendant's Special Appearance and Original Answer are within my personal knowledge and are true and correct.

3. Specifically, I am not a resident of Texas. I own no property in Texas, and I have not entered into any contracts with Texas residents to be performed in Texas. Also, I have not committed any torts in Texas. I do not maintain a business in Texas, nor do I have an agent for service of process in Texas.

4. I reside in Charleston, South Carolina and have maintained my permanent residence in Charleston County, South Carolina since 1987. I temporarily resided in Africa at various times since 1987 while doing medical mission work, and in England while participating in a Fellowship program in tropical medicine.

5. My comment on the Association of Professionals in Infection Control and Epidemiology's discussion board was regarding studies on the xenon bulb for the health and safety of the public.

**EXHIBIT**

**A**

FURTHER AFFIANT SAYETH NOT.

_____
Jeffery Deal

SUBSCRIBED AND SWORN TO BEFORE ME on December 31, 2015.

_____

Notary Public in and for the State of
South Carolina

Sharon Foster
NOTARY PUBLIC
State of South Carolina
My Commission Expires January 30, 2023

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*March 04, 2016*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

BRENDA TRUJILLO, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED
2/11/2016 4:36:45 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Olivia Cruz

CAUSE NO. 2015CI19491

| | | |
|---|---|---|
| **XENEX DISINFECTION SERVICES LLC,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | **166TH JUDICIAL DISTRICT** |
| **v.** | § | |
| | § | |
| | § | |
| **JEFFERY DEAL and UVAS, LLC,** | § | |
| *Defendants.* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S FOURTH AMENDED PETITION

COMES NOW, XENEX DISINFECTION SERVICES LLC, and files this its Fourth Amended Petition, complaining of Defendants JEFFERY DEAL and UVAS, LLC and would show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under Level 2.

### II.
### PARTIES

2.      Plaintiff XENEX DISINFECTION SERVICES LLC ("Xenex") is a Texas limited liability company.

3.      Defendant JEFFERY DEAL ("Deal") is an individual who resides in Charleston, South Carolina.

4.      Defendant UVAS, LLC ("UVAS") is a South Carolina limited liability company with a registered office at 1570 Spinnaker Lane, Charleston, South Carolina 29407-9659, that may be served by serving its registered agent, Jeffrey Deal, at such office.

## III.
## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter because it has personal jurisdiction over

Defendants, and the amount in controversy exceeds the minimum jurisdictional limits of this

Court.

6.      Venue is proper in this Court pursuant to Section 15.017 of the Texas Civil

Practice and Remedies Code because Plaintiff resided in Bexar County, Texas at the time of the

accrual of the libel causes of action alleged herein.  Pleading further and in the alternative, venue

is proper in this Court pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies

Code because a substantial part of the events or omissions giving rise to Plaintiff's claims

occurred in Bexar County, Texas.

## IV.
## FACTS COMMON TO ALL CLAIMS

7.      Plaintiff manufactures and sells devices used to disinfect hospital rooms.

8.      Defendant Deal helped develop a competing disinfection device, owns a 50%

interest of Defendant UVAS, is directly and substantively involved in the activities of UVAS

complained of herein, exercises control over such UVAS activities, and acted as an authorized or

apparent agent of UVAS with respect to the activities complained of herein.

9.      Defendant UVAS is the owner of United States Patents and foreign patents

relating to devices and methods of disinfection using ultraviolet radiation to disinfect facilities

such as hospitals, surgical suites and other health care facilities.  Defendant UVAS granted an

exclusive license to Tru-D, LLC ("Tru-D") to make and use devices and methods for disinfection

claimed in such patents.  Tru-D is a direct competitor of Plaintiffs that markets and sells its

devices nationwide including the State of Texas.

10.     Defendants have intentionally and maliciously made numerous false and/or

{W0683276.1}

2

misleading statements of fact to actual and potential customers of Plaintiff concerning the effectiveness of Plaintiff's device, including, but not limited to, statements that were intended to convey and would lead a reasonable reader to conclude, that:

      1)    the Xenex device is ineffective against staph, C.diff and VRE; and

      2)    that the Xenex Device only reduced VRE by 38% in a comparison to a Tru-D device having "eradicated all organisms from the environment."

A true and correct copy of a defamatory email sent by Defendant Deal on November 15, 2015 is attached as Exhibit A.

11.    On November 20, 2015, Defendant Deal, acting as an agent for Defendant UVAS, published the following false and/or misleading statement in a national online forum that is read by actual and potential purchasers of hospital disinfection equipment, including purchasers in the State of Texas:

> Xenex uses xenon flash bulbs that, according to a head-to-head comparison with the Tru-D are simply underpowered for a whole room. In fact, the same study by Donskey (Case Wester Reserves) and his team showed that the Xenex could not disinfect C.diff from as close as 6 inches.

12.    Defendant's above-described statements are false, deceptive and/or materially misleading for the following reasons:

      1)    The 38% VRE reduction number cited by Defendant Deal was from an abstract of a paper that was never published or peer reviewed, and it referenced the percentage reduction of plates in which VRE was found using a highly sensitive pass/fail testing methodology after manual cleaning. Such a finding is dependent on measuring criteria and instrumentation which may vary from study to study, and, as Defendant well knows, the percentage of slides for which VRE is completely

eliminated in a pass/fail measurement is neither a recognized nor reliable method for evaluating the effectiveness of a disinfection device. By this same flawed criteria, the Tru-D device could be characterized as 0% effective based on published studies reflecting the Tru-D device failed to eliminate 100% of VRE on any of the surfaces measured. Defendant Deal made a highly misleading "apples to oranges" comparison to Tru-D test results that were derived from a different methodology.

2)   Defendant misrepresents and/or provides a misleading characterization of the "Donskey study" as showing that the Xenex device could not disinfect C. diff from as close as 6 inches, when in fact the study documented a substantial reduction of C. diff spores at such distance, and further concluded that:

> "We found that the PX-UV device reduced recovery of MRSA, C. *difficile*, and VRE n carriers and on frequently touched surfaces in hospital rooms with a 10-minute exposure time."

13.   Defendants have made, repeated, and/or conspired with others to publish numerous additional defamatory, false and or misleading statements about Xenex in forums that are read by Texas residents, including but not limited to 1) statements that Xenex is "way less effective than other UVC devices," 2) the statement that Xenex "will say anything for $", 3) statements that Xenex is making false claims about the effectiveness of its product, and 4) statements that imply Xenex is in violation of federal regulations. Defendants have also falsely stated that Plaintiff's CEO, Morris Miller, is a former Enron executive.

14.   Defendants intentionally published defamatory, false and/or misleading statements in forums where they would be read by customers in the State of Texas and intended such statements to cause harm to Plaintiff in the State of Texas. Defendants made such

statements to promote sales by a competitor of Plaintiff that purposely markets and sells a competing product to customers in the State of Texas. Defendant UVAS collects royalties on the sale of such competing products, including sales made in the State of Texas. Defendant Deal has travelled to the State of Texas and conducted business in the State of Texas on behalf of Plaintiff's competitor, including a trip to San Antonio in 2015 to assist the competitor in the defense of a lawsuit brought by Xenex against the competitor concerning at least one of the same false or misleading statements that is the subject of this lawsuit. Defendants' above-described defamatory, false and/or misleading statements were made by Defendants to promote sales by Plaintiff's competitor and increase the royalty compensation received by Defendant UVAS from such competitor. Defendants have intentionally done business in the State of Texas, and the conduct complained of in this lawsuit directly relates to Defendants' business travels to Texas. Defendants' intentional defamation of a Texas plaintiff, with intended or foreseeable harm to Plaintiff's business in Texas, constitutes "business" in the State of Texas pursuant to § 17.042 of the Texas Civil Practice and Remedies Code. Defendants have purposely availed themselves of the benefits of business conducted in the State of Texas such that this Court's the exercise of specific personal jurisdiction over Defendants comports with fair play and substantial justice and the requirements of the Due Process clause of the United States Constitution.

## V.
## COUNT 1 – DEFAMATION/LIBEL

15.    Plaintiff realleges and incorporates herein the factual allegations in paragraphs 1-14 above.

16.    Defendants' defamatory statements are harmful to Plaintiff's business reputation and are likely to cause Plaintiff to lose sales if the statements are not corrected, and the damage to Plaintiff's reputation is not repaired and restored. Accordingly, Plaintiff has reasonably

incurred and is expected to continue to incur costs and expenses to remediate the reputational harm caused by Defendants' defamation. These costs and expenses include the cost of compiling and publishing accurate information to correct Defendants' misrepresentations and misleading statements. Plaintiff is entitled to recover such costs and expenses as damages proximately caused by Defendants' defamation.

## VI.
## VIOLATION OF LANHAM ACT

17.    Plaintiff realleges and incorporates herein the factual allegations in paragraphs 1-16 above.

18.    Defendants' above-alleged acts are in violation of 15 U.S.C. § 1125(a), in that Defendants have,  in commercial advertising and/or promotion, made false and misleading statements and misrepresented the nature, characteristics, and qualities of goods, services and/or commercial activities.

19.    Plaintiff believes that it is, and is likely to be, damaged by Defendants' false or misleading statements by reason of the likelihood that purchasers have relied or will rely on such false and misleading statements and misrepresentations in making purchasing decisions.

20.    Plaintiff is entitled to injunctive relief under the Lanham Act enjoining Defendants from further violations of the Lanham Act.

## VII.
## RULE 47 ALLEGATIONS

21.    Pursuant to Rule 47, Plaintiff alleges that, at this time, it is seeking monetary relief from Defendants of over $200,000.00 but not more than $1,000,000.00 plus equitable relief and such other relief as the Court deems just and proper.

## VIII.
## JURY DEMAND

22.     Plaintiff asserts its right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.

23.     Plaintiff has tendered the fee of $30.00 for district court, as required by Texas Government Code § 51.604(a).

## IX.
## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

1.     Award compensatory damages to Plaintiff against Defendants in an amount to be determined according to proof at trial, or in the alternative award Plaintiff nominal damages;

2.     Award Plaintiff its costs against Defendants;

3.     Award Plaintiff prejudgment and post judgment interest as allowed by law;

4.     Enjoin Defendants from any further violation of the Lanham Act; and

5.     Grant such other and further relief as the court may deem just and proper.

Respectfully submitted,

/s/ J. Bruce Scrafford
**J. BRUCE SCRAFFORD**
State Bar No. 17931100
bscrafford@abaustin.com
**ANDREW F. YORK**
State Bar No. 24066318
ayork@abaustin.com
**ARMBRUST & BROWN, PLLC**
100 Congress Avenue, Suite 1300
Austin, Texas  78701
(512) 435-2300 – telephone
(512) 435-2360 – facsimile

ATTORNEYS FOR XENEX DISINFECTION
SERVICES LLC

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was delivered via facsimile on this the 11th day of February, 2016 to the following attorneys of record:

Laurence S. Kurth
Beirne, Maynard & Parsons, L.L.P.
The Weston Centre
112 East Pecan Street. Suite 2750
San Antonio, Texas 78205

Bill Killough
Barnwell Whaley Patterson & Helms, LLC
288 Meeting Street, Suite 200
Charleston, SC 29402

/s/ J. Bruce Scrafford
J. BRUCE SCRAFFORD

From: Jeffery Deal, MD, DTMH, FACS <jldeal@comcast.net>
Subject: Xenex

Company
Retired

Phone
+18436966426

Message Body:
Dears Sirs:
Please pass this to your physician leadership. I am a physician and a Fellow in the Royal Society of Tropical Medicine as well as a Fellow in the American College of Surgeons. I have worked in a variety of places in Africa, including Tanzania, Uganda, and South Sudan. Most recently I was in Liberia working in the Ebola Treatment Units.

I read with some concern that you are purchasing Xenex room decontamination systems. My concern has arisen because I was involved in developing the first such units over 12 years ago. At the present time, I do not work for any manufacturers of such devices, but I recently had the occasion to review the efficacy of the units. It is my considered opinion, supported by a vast array of literature from Case Western Reserve to Duke University and others, that the Xenex is the least effective unit on the market today.

As you can see from the link below, they have been forced to withdraw many of their claims, but still appear to market with the same claims in Africa.
http://www.asrcreviews.org/2015/03/xenex-discontinues-claims-for-germ-zapping-robots-following-nad-inquiry-claims-at-issue-including-ebola-disinfectant-claims-challenged-by-clorox/

Case Western found that even from 6 inches away and running for 10 minutes that they could not eradicate staph, c. diff, nor VRE. Nottingham University found that they only reduced VRE culture plates by 38%. The same researchers found that the Tru-D "eradicated all organisms from the environment."

Both the Pathogon from Steris Corp. and the Tru-D Smart UVC have been show to by many more times as potent and effective. than the Xenex. Maoine. http://www.ncbi.nlm.nih.gov/pmc/articles/PMC4172427/
http://www.ncbi.nlm.nih.gov/pubmed/23846236

During my work in Africa I saw many times how elaborate salesmen sell unifective and sometimes even counterfit drugs and devices to people who need the real thing.

I hope it is ok for me to reach out to you, but I fear you are making a choice that is not in the interest of your patients, staff, nor investors., and you do have options that work.

Asset interested in licensing:
Room Decontamination Systems

**EXHIBIT "A"**

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

**March 04, 2016**

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

BRENDA TRUJILLO, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*