**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| XENEX DISINFECTION SERVICES LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-16-CV-232-XR |
| | § | |
| JEFFERY DEAL AND UVAS, LLC, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**ORDER**

On this date, the Court considered Defendants' motion to dismiss (docket no. 5) and Plaintiff's motion for extension of time to file a response (docket no. 7).

**Background**

Plaintiff's Fourth Amended Petition filed in state court prior to the removal of this case is the live pleading.  Plaintiff alleges that it manufactures and sells devices used to disinfect hospital rooms.  Plaintiff contends that Defendants have made false and/or misleading statements to current and potential customers of Plaintiff concerning the effectiveness of Plaintiff's device. Plaintiff asserts causes of action for defamation and violation of the Lanham Act, 15 U.S.C. § 1125(a).

Underlying this lawsuit are the following facts.  Dr. Deal is one of the owners of UVAS, LLC.  Dr. Deal filed a patent in 2000 for an ultraviolet area sterilizer (UVAS).  Once a room is clear of personnel, a bank of mercury bulbs generate intense levels of UV-C.  The device then determines the appropriate bacterial dose of UV-C to administer to the area.  "By relying on reflected doses rather than direct exposure, the UVAS is able to sterilize or sanitize all surfaces

1

within the room that are within view of an exposed wall or ceiling."[1]  The device was assigned to

UVAS, LLC.  Dr. Deal is the registered agent for UVAS, LLC.  The Court is not certain whether

Dr. Deal is employed by the LLC or holds any other positions with the LLC.

Xenex provides ultraviolet (UV) room disinfection devices that use mercury-free UV

light technology.  Xenex and UVAS are currently parties in a trademark infringement case filed

in the District of South Carolina.  See 2:16-cv-163.

### Motion to Dismiss

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(2) arguing lack of personal

jurisdiction.  It initially filed a motion to dismiss for improper venue pursuant to Fed. R. Civ. P.

12(b)(3), but that motion has been withdrawn.  In the alternative to the 12(b)(2) motion,

Defendants seek transfer of this case to the United States District Court for South Carolina,

Charleston Division, pursuant to 28 U.S.C. § 1406(a).

### Personal Jurisdiction Allegations

Plaintiff claims that Dr. Deal defamed it by sending an email to a potential customer

misrepresenting the efficacy of its product and attempting to dissuade the customer from doing

business with Xenex.  The email was sent by Deal from his computer in South Carolina.  The

recipient of the email was apparently located in Africa.

Plaintiff also claims that Dr. Deal posted a statement on a forum hosted by the

Association for Professionals in Infection Control and Epidemiology (APIC)[2] that disparaged its

product.  Dr. Deal posted the alleged defamatory statement from his computer in South Carolina.

---

[1] http://www.google.com/patents/US6656424

[2] APIC is a voluntary association of individuals who are currently practicing or managing infection prevention or epidemiology programs in a patient care setting, government or regulatory agency.  It provides clinical education and professional development programs to its members.   APIC is based in Washington, DC.  Members of APIC are provided various membership benefits, including the ability to post and read discussions on APIC's website.

Finally, Plaintiff claims that there exists a "coordinated social media campaign designed to damage Xenex's reputation." Plaintiff claims that both Dr. Deal and UVAS have posted "numerous false and misleading internet and Twitter postings" that contain false information about Xenex.

Finally, Plaintiff alleges that Dr. Deal travelled to Texas in November 2015 to serve as an expert witness and participate in a mediation of a lawsuit between Xenex and Tru-D.[3]

Plaintiff concedes that general personal jurisdiction does not apply. Xenex also concedes that the case law concerning "passive website hosting" precludes specific personal jurisdiction. Xenex argues that personal jurisdiction exists in this case because "Defendants are being held accountable in this case for their own affirmative conduct in publishing defamatory and unlawful statements about the performance of a device that is manufactured, sold and marketed from the State of Texas by a Texas company." Plaintiff misstates the law in this circuit.

To decide whether a plaintiff has made a prima facie showing of specific personal jurisdiction, this Court asks: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Vanderbilt Mortg. and Fin., Inc. v. Flores,* 692 F.3d 358, 375 (5th Cir. 2012) (*quoting McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)).

---

[3] TRU-D SmartUVC is an automated room decontamination device used to eliminate pathogens in health care settings. Xenex filed suit against Tru-D in this Court in 2015 alleging that it had made false and misleading statements about the Xenex device. The case settled after Tru-D withdrew the statements as part of a mediation agreement. Xenex alleges that UVAS granted Tru-D a license to certain technology used in the Tru-D device.

"When seeking discovery on personal jurisdiction, a plaintiff must make a 'preliminary showing of jurisdiction' before being entitled to such discovery.  The decision to allow jurisdictional discovery is within the district court's discretion.  '[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.'  A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction.  A court is entitled to deny leave to conduct jurisdictional discovery where the movant fails to specify what facts it believes discovery would uncover and how those facts would support personal jurisdiction.  A court may also deny jurisdictional discovery where the plaintiff only offers speculation as to jurisdiction and where the plaintiff is waging a 'fishing expedition' into jurisdictional facts*." Best Little Promohouse in Texas LLC v. Yankee Pennysaver, Inc.*, No. 3:14-CV-1824-BN, 2014 WL 5431630, at *4 (N.D. Tex. Oct. 27, 2014)(internal citations omitted).

Plaintiff has failed to make a prima facie showing that either Dr. Deal or UVAS purposefully directed any alleged defamatory or inaccurate statements toward Texas residents. The email was directed to an individual residing in Africa.  The communications sent by Twitter and the APIC postings were not social media pages specifically targeted to Texas residents.[4]

With regard to Plaintiff's motion for an extension of time to file a response and engage in additional jurisdictional discovery, that motion is denied.  Plaintiff identifies a host of issues on

---

[4] "Facebook and Twitter pages are likewise insufficient to support personal jurisdiction, as Pathfinder has not alleged that the social media pages are specifically tailored for a North Carolina audience."  Pathfinder Software, LLC v. Core Cashless, LLC, 127 F. Supp. 3d 531, 543 (M.D.N.C. 2015) (internal citations omitted).  *See also Telemedicine Sols. LLC v. WoundRight Techs., LLC*, 27 F. Supp. 3d 883, 900 (N.D. Ill. 2014)("None of Defendant's alleged contacts—its website, Facebook page, Twitter feed, and conference-based marketing efforts—was targeted or aimed at Illinois, or prompted any more than happenstance interactions with Illinois residents or businesses.").

4

which it seeks discovery, such as Defendants' contractual relationship with Tru-D, marketing or sales information for Tru-D in Texas, income received by Defendants based on Texas sales of the Tru-D product, etc.   This discovery, however, does not bear on the issue of whether Defendants' email or social media statements were directed at Texas residents.   This attempted discovery is nothing more than a "fishing expedition into jurisdictional facts."   Otherwise, Plaintiff has fully briefed the issues surrounding the personal jurisdiction question, and the Court concludes that personal jurisdiction is lacking.

### Conclusion

This Court lacks personal jurisdiction over the Defendants.   Accordingly, this case is dismissed without prejudice.   Defendants' motion to dismiss (docket no. 5) is granted in part and dismissed as moot in part.   Plaintiff's motion for extension of time to file a response (docket no. 7) is denied.   The alternative motion to transfer is dismissed as moot.

SIGNED this 25th day of May, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE